IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**MICHAEL CAFFEY,**                                                                    **PLAINTIFF**
**Individually and on behalf of**
**All Others Similarly Situated**

vs.                                          No. 5:16-cv-777

**REDBACK ENERGY SERVICES, LLC,**
**DAVID BROKE, MIKE FERNANDES,**
**PAUL JACOBL, DANTE DOMENICHELLI,**
**PHIL LANCASTER, and MARK LAYTON,**
**Individually as officers of**
**REDBACK ENERGY SERVICES, LLC**                                          **DEFENDANTS**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Michael Caffey, individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendants Redback Energy Services, LLC, David Broke, Mike Fernandes, Paul Jacobl, Dante Domenichelli, Phil Lancaster, and Mark Layton, Individually as officers of Redback Energy Services, LLC (collectively referred to hereinafter as "Defendants"), and in support thereof he does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1.  This is a collective action brought by Plaintiff Michael Caffey individually and on behalf of other Hands and Operators employed by Defendants at any time within a three year period preceding filing of this Complaint.

2. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiff and other Hands and Operators lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, infra.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. The acts complained of herein were committed and had their principal effect within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

6. Redback Energy Services, LLC, does business, in this District and a substantial part of the events alleged herein occurred in this District.

7. The witnesses to overtime violations alleged in this Complaint reside in this District.

8. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

9. Venue is proper in this District. *See* 28 U.S.C. §§ 1391 (b) & (c).

### III. THE PARTIES

10. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Plaintiff Michael Caffey is a resident and citizen of Harrison County, Texas. He was employed by Defendants as a Hand and/or Operator within the three (3) years preceding the filing of this Original Complaint. Plaintiff was paid by the hour.

12. At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

13. Defendant Redback Energy Services, LLC ("Redback"), is a Delaware limited liability company, registered and licensed to do business in the State of Texas.

14. Redback's registered agent for service of process in Texas is Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

15. Defendant David Broke is a president of Redback, and at all times relevant hereto, had operational control over Redback.

16. Defendant Mike Fernandes is a vice president of Redback, and at all times relevant hereto, had operational control over Redback.

17. Defendant Paul Jacobl is a vice president of Redback, and at all times relevant hereto, had operational control over Redback.

18. Defendant Dante Domenichelli is a vice president of Redback, and at all times relevant hereto, had operational control over Redback.

19. Defendant Phil Lancaster is a chief executive officer of Redback, and at all times relevant hereto, had operational control over Redback.

20. Defendant Mark Layton is a chief executive officer of Redback, and at all times relevant hereto, had operational control over Redback.

21. At all times relevant hereto, Defendant Dante Domenichelli had the power to hire and fire employees of Redback, supervised and set wages and wage policies for Redback's employees.

22. At all times relevant hereto, Defendant David Broke had the power to hire and fire employees of Redback, supervised and set wages and wage policies for Redback's employees.

23. At all times relevant hereto, Defendant Mike Fernandes had the power to hire and fire employees of Redback, supervised and set wages and wage policies for Redback's employees.

24. At all times relevant hereto, Defendant Paul Jacobl had the power to hire and fire employees of Redback, supervised and set wages and wage policies for Redback's employees.

25. At all times relevant hereto, Defendant Mark Layton had the power to hire and fire employees of Redback, supervised and set wages and wage policies for Redback's employees.

26. At all times relevant hereto, Defendant Phil Lancaster had the power to hire and fire employees of Redback, supervised and set wages and wage policies for Redback's employees.

27. Defendants are "employers" within the meaning set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the class.

28. Defendants have employees engaged in commerce and have employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

29. Redback's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

## IV. REPRESENTATIVE ACTION ALLEGATIONS

30. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as Hands and/or Operators and/or who were or are employed by Defendants and who are entitled to payment for all of their overtime wages which Defendants failed to pay from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

31. Plaintiff is unable to state the exact number of the class but believes that the classes membership exceeds 30 persons but is less than 150 persons. Defendants can readily identify the members of the classes, who are a certain portion of the current and former employees of Defendants.

32. The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

33. The email addresses of many of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via email to their last known email addresses as soon as possible.

34. Oilfield workers are by category not at their residences as frequently as many other working-class Americans. As such, they rely on email just as much or more so than typical wage earners, who themselves live their lives with a growing dependence upon email as opposed to traditional U.S. Mail.

35. The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendants which violated the FLSA, including:

   A. Defendants' uniform failure to compensate employees pursuant to the requirements of the FLSA; and

   B. Defendants' failure to pay members of the class proper overtime compensation in violation of the FLSA, 29 U.S.C. § 201 et seq.

36. Plaintiff alleges that Defendants improperly calculated their regular rate of pay and overtime for Plaintiff and other Hands and Operators employed by Defendants.

## V.   FACTUAL ALLEGATIONS

37. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

38. Within the time period relevant to this case, Plaintiff worked for Defendants as a Hand/Operator.

39. Plaintiff and other similarly-situated employees worked in excess of forty (40) hours per week throughout their tenure with Defendants.

40. Plaintiff and other similarly-situated employees were classified as hourly employees.

41. Plaintiff and other similarly-situated employees were also paid non-discretionary bonuses on a regular basis.

42. In addition, Defendants paid Plaintiff and other similarly-situated employees one-and-one-half of their base hourly rate for each hour they worked over forty (40) in a workweek.

43. However, Defendants did not include bonuses of Plaintiff and other similarly-situated employees into their regular rate when calculating their overtime pay.

44. Section 778.208 of Title 29 of the Code of Federal Regulations requires that non-discretionary bonuses "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

45. Defendants violated the FLSA by not including bonuses of Plaintiff and other similarly-situated employees into their regular rate when calculating their overtime pay.

46. Plaintiff worked for Defendants in various places in Texas and Defendants' pay practices were the same at all locations.

47. Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiff and their other Hands and/or Operators violated the FLSA.

48. Defendants' hands and operators routinely use hard hats, drilling equipment, lubricators, blow-out preventers, wrenches, and other tools, in performing their job duties. Thus the employees used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

## V.     LEGAL ALLEGATIONS AND INDIVIDUAL CLAIMS FOR RELIEF

49.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

50.     29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207 (LEXIS 2013).

51.     Defendants violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including bonuses of Plaintiff and other similarly-situated employees into their regular rate when calculating their overtime pay.

52.     Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

53.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

## VII.  CLASS ACTION ALLEGATIONS

54.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

55.     Plaintiff brings this collective action on behalf of all Hands and Operators employed by Defendants to recover monetary damages owed by Defendants to Plaintiff and members of the putative Classes for all the overtime compensation for all the hours he and they worked in excess of forty (40) each week.

56.	Plaintiff brings this action on behalf of themselves individually *and* all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

57.	In the past three years, Defendants have employed dozens of Hands and Operators.

58.	Like Plaintiff, these Hands and Operators regularly worked more than 40 hours in a week.

59.	Defendants failed to pay these workers at the proper overtime rate. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in class is properly defined as:

**All Hourly Paid Hands And/Or Operators Employed
By Defendants Within The Past Three Years.**

This Group Includes, but is not necessarily limited to, hourly paid workers employed in States where Defendants do business.

### V.	EQUITABLE TOLLING

60.	Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

61.	The applicable statute of limitations for Plaintiff's FLSA cause of action should be tolled because strict application of the statute of limitations would be inequitable.

62.	Defendants, as employers with a duty to comply with the FLSA and the means to do so, were and had at all relevant times been in a far superior position than Plaintiff to understand the FLSA and apply it appropriately, and Defendants should not be permitted to benefit from this imbalance of power by the passage of time.

63. Further, FLSA regulations require that all employers display posters advising employees of their minimum wage and overtime pay rights. 29 C.F.R. § 516.4.

64. An employer's failure to post required FLSA notices regarding minimum wage and overtime provisions can toll the statute of limitations. United States v. Sabhnani, 566 F. Supp. 2d 139 (E.D.N.Y. 2008); Henchy v. City of Absecon, 148 F. Supp. 2d 435, 439 (D.N.J. 2001); Kamens v. Summit Stainless, Inc., 586 F. Supp. 324, 328 (E.D. Penn. 1984).

65. Defendants failed to post all appropriate notices regarding the FLSA.

## V.  PRAYER FOR RELIEF

**WHEREFORE**, premises considered, Plaintiff respectfully prays that Defendants be summoned to appear and to answer herein as follows:

(a) That Defendants be summoned to appear and answer herein;

(b) That Defendants be required to account to Plaintiff, the class members, and the Court for all of the hours worked by Plaintiff and the class members and all monies paid to them;

(c) A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.;*

(d) Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(e) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.;*

(e) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the Class during the applicable statutory period;

(f) An order directing Defendants to pay Plaintiff and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(g) Such other and further relief as this Court may deem necessary, just and proper.

    Respectfully submitted,

    **PLAINTIFF MICHAEL CAFFEY, INDIVIDUALLY AND ON behalf of Others Similarly Situated**

    SANFORD LAW FIRM, PLLC
    One Financial Center
    650 South Shackleford Road, Suite 411
    Little Rock, Arkansas 72211
    Telephone: (501) 221-0088
    Facsimile: (888) 787-2040

By: */s/ Josh Sanford*
    Josh Sanford
    Texas. Bar No. 24077858
    josh@sanfordlawfirm.com