IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MICHAEL CAFFEY, ET AL., § § *Plaintiffs,* § § v. § § REDBACK ENERGY SERVICES, LLC, ET § AL., § § *Defendants.* § § | Civil Action No.  SA-16-CV-777-XR |

**ORDER**

On this day came on to be considered Plaintiffs' motion for conditional certification (Docket no. 13) and motion for approval and distribution of notice (Docket no. 14).[1] Plaintiffs bring this FLSA case seeking certification of a class of all hourly paid hands and/or operators employed by Defendants at any time since August 1, 2013.  Plaintiffs allege that Defendants did not include non-discretionary bonuses into the calculation of the regular rate when calculating overtime pay.

Defendants oppose conditional certification.  First, they claim that the named Plaintiffs fail to state whether they are exempt or non-exempt employees and thus similarly situated to the proposed class.  This argument fails.  Plaintiffs clearly state they were hourly employees, hence non-exempt and the class they seek to certify are hands/or operators paid on an hourly basis.

Secondly, Defendants argue that Plaintiffs fail to articulate why bonuses should have been included in the regular rate calculation.  This argument also fails.  As stated above, Plaintiffs allege that Defendants did not include non-discretionary bonuses into the calculation of

---

[1] Defendants pose several objections to the proposed notice, but state that if the Court grants conditional classification that they be allowed to confer with Plaintiffs' counsel to reach an agreement.

the regular rate when calculating overtime pay. Non-discretionary bonuses must be taken into consideration when calculating overtime pay. *See* 1 LES A. SCHNEIDER & J. LARRY STINE, WAGE AND HOUR LAW § 10:56 (2016).

Defendants' last two points have merit. The class representatives were only employed in Texas and they offer no evidence that employees in Oklahoma were similarly paid. Finally, Defendants argue that some operators *may* have operated vehicles in excess of 10,000 pounds across state lines and accordingly the Motor Carrier Act exemption *may* apply to those employees.

**Analysis**

29 U.S.C. § 216 permits an employee to bring an action against an employer "[on] behalf of himself . . . and other employees similarly situated." Unlike a Rule 23 class action, in which plaintiffs "opt out" of the class, a § 216 plaintiff must "opt in" to become part of the class. *See* FED. R. CIV. P. 23; *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995). Accordingly, the method adopted by this Court for determining whether to certify a collective action under § 216(b)—the *Lusardi* two-tiered approach—involves conditional certification, allowing the plaintiff to notify potential members of the action, followed by a factual determination at a second stage as to whether the putative class members are similarly situated. *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J.1987); *Mooney*, 54 F.3d at 1213–14.

In the first stage, called the notice stage, the District Court must make an initial determination whether notice of the action should be sent to potential class members. *Lusardi*, 118 F.R.D. at 351; *Mooney*, 54 F.3d at 1213. This determination is based solely on the pleadings and affidavits. The pleadings and affidavits must make a preliminary factual showing that a similarly situated group of potential plaintiffs exists. *Trezvant v. Fid. Employer Servs. Corp.*, 434

F.Supp.2d 40, 43 (D. Mass. 2006). The standard is a lenient one typically resulting in conditional certification of a representative class to whom notice is sent and whose members receive an opportunity to opt in. "The decision to create an opt-in class under § 216(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the district court." *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir.2001); *see* U.S.C. § 216(b); *Mooney*, 54 F.3d at 1213–14.

Once conditional certification is granted, the case proceeds through discovery as a representative action. *Mooney*, 54 F.3d at 1214. Upon completion of discovery, the defendant will typically file a motion for decertification. *Id*. At this second stage of the analysis, the District Court should make a factual determination as to whether the putative class members are similarly situated. *Id*. If so, then the representative action may proceed; if not, then the class should be decertified, the opt-in plaintiffs dismissed, and the class representatives should be allowed to proceed on their individual claims. *See Johnson v. TGF Precision Haircutters, Inc.*, 319 F.Supp.2d 753, 754–55 (S.D. Tex. 2004).

Plaintiffs have not made a preliminary factual showing that they are similarly situated to employees who worked in Oklahoma. They only offer argument that they believe those employees were paid in the same manner. The class will be certified only as to Texas employees. Defendants' opposition on the basis that some employees may be exempt under the Motor Carrier Act also suffers from speculation. Defendants do not address in any meaningful way whether the named Plaintiffs are exempt or whether any other Texas operators are exempt, and make an alternative argument that the class should be limited to Texas employees, giving the Court the impression that the MCA exemption may only be applicable to their employees in Oklahoma.

The class is as follows:

All hourly paid hands and/or operators who were working in Texas and employed by Redback Coil Tubing at any time since August 1, 2013.

Any arguments about whether a two-year or three-year limitations period is appropriate will be resolved when any dispositive motion is filed on the issue of willfulness (or lack thereof).

## Conclusion

Plaintiffs' motion for conditional certification (Docket no. 13) is GRANTED as stated above. The parties are further ORDERED to confer on the motion for approval and distribution of notice (Docket no. 14).

It is so ORDERED.

SIGNED this 14th day of November, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE